IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JIMMY TAYLOR,** | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:24-cv-00437-MTT-CHW |
| VS. | : | |
| | : | |
| **Deputy GREG PENNYCUFF,** | : | |
| | : | |
| Defendant | : | |
| _____ | | |

### ORDER

*Pro se* Plaintiff Jimmy Taylor filed a document which appeared to be a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. On February 25, 2025, the Court advised Plaintiff of the defects with his complaint and ordered Plaintiff to recast his complaint. ECF No. 12. Specifically, Plaintiff was directed "to honestly and completely answer each question presented in the Court's standard § 1983 complaint form, and he is to submit his answers on the form as feasible" and that "***THE COMPLAINT CANNOT BE LONGER THAN TEN (10) PAGES IN ITS ENTIRETY.***" *Id*. at 6 (emphasis in original). Lastly, Plaintiff was cautioned that "**Failure to fully and timely comply with this Order may result in the dismissal of this civil action.**" *Id*. at 8 (emphasis in original).

Thereafter, Plaintiff filed a recast complaint with the same defects as his original complaint, that was not on the Court's standard form, that did not answer the questions provided in the Court's form, and that exceeded the Court's prescribed page limit. *See*

ECF No. 13.  Therefore, on March 12, 2025, the Court notified Plaintiff that he failed to obey an order of the Court.  ECF No. 14.  Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with the Court's order.  *Id*.  The Court unambiguously informed Plaintiff that this action could be dismissed if he failed to respond to the order to show cause or otherwise file his amended complaint as instructed in the February 25th order.  *Id*.  Plaintiff was given fourteen (14) days to comply with the Court's orders.  Plaintiff has failed to respond.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute this case, his complaint is **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this 14 day of April, 2025.

S/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

2